IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SCHNEIDER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-840 |
| | § | |
| NITE IZE, INC., | § | |
|     Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Michael Schneider ("Schneider"), through his undersigned counsel, Zachary Hiller, hereby files this Original Complaint (the "Complaint") requesting damages and injunctive relief, and upon personal knowledge as to its own acts and circumstances, and upon information and belief as to the facts and circumstances of others, alleges as follows:

### Nature of the Action

1. This is an action for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. § 1114 and 1125(a)); injury to business reputation and trademark dilution under Section 16.103 of the Texas Business and Commerce Code ("T.B.C.C."); and trademark infringement, unfair competition and unjust enrichment under the common law of the State of Texas.

### Parties

2. Schneider is an individual residing in the State of Texas.

3. Upon information and belief, Defendant Nite Ize, Inc. (hereinafter referred to as "Nite Ize"), is a domestic corporation duly organized and existing under the laws of the State of Colorado, with its principal place of business in Boulder, Colorado. Defendant may be served with process by serving its registered agent, Nite Ize, Inc., at 5660 Central Avenue, Boulder, Colorado 80301.

**Jurisdiction and Venue**

4. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Nite Ize because it does business and/or resides in the State of Texas.

6. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Nite Ize resides in this judicial district, may be found in this judicial district, and/or a substantial part of the events giving rise to the claims in this action occurred within this judicial district.

**Facts**

7. Schneider is in the business of selling bicycle accessories. He is the owner of the trademark BikeBug and has continuously used that mark in connection with the sale of bicycle accessories since September 2, 2004 (the "Mark"). Schneider also owns U.S. Trademark Registration No. 3,678,883 on the Principal Register for the BikeBug mark. This registration is valid and subsisting.

8. The Mark is inherently distinctive, as it neither serves as a name for the bicycle accessories themselves nor describes any quality, characteristic, or ingredient of the bicycle accessories.

9. Schneider has used and promoted his BikeBug mark on his website, print marketing materials, virtual marketing materials, and on product packaging. The BikeBug mark has also been featured in national publications. As a result of extensive use and promotion of this mark, the Mark has acquired a favorable reputation to consumers as an identifier and symbol of

Schneider and his products, services, and goodwill. Accordingly, the BikeBug mark is strong and is entitled to broad protection.

10. Schneider continues to invest substantial sums in promoting his products and services offered under the Mark.

11. Nite Ize is in the business of selling bicycle accessories as part of a wider range of outdoor adventure products. Among the products and services that Nite Ize sells is a small flashlight in the shape of a bug named the BikeBug. Nite Ize markets their BikeBug as a bicycle accessory.

12. Despite the limitless other marks that Nite Ize could have chosen, it wrongfully appropriated a mark identical to Schneider's Mark without his permission.

13. Nite Ize's wrongful activities are willful for the following reasons:

a. Nite Ize chose a trademark identical to the Mark, even though the most rudimentary trademark search would have revealed Schneider's federal registrations for the identical mark for identical types of products or services; and

b. Nite Ize continued to use the confusingly similar designation after Schneider notified Nite Ize of his prior rights to the Mark.

## Count 1 – Trademark Infringement Under the Lanham Act

14. Schneider repeats and realleges the allegations set forth in paragraphs 1–13.

15. Nite Ize, without authorization from Schneider, has used and is continuing to use its Bike Bug mark that is confusingly similar to Schneider's BikeBug Trademark.

16. The foregoing acts of Nite Ize are intended to cause, have caused, and are likely to cause confusion, mistake, and deception among customers and the public as to whether Nite Ize's infringing BikeBug products originate from, or are affiliated with, sponsored by, or endorsed by Schneider. Upon information and belief, Nite Ize has acted with knowledge of Schneider's ownership of the BikeBug Trademark and with deliberate intention or willful blindness to unfairly benefit from the immeasurable goodwill symbolized thereby.

17. Defendant's actions, as described above, constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114).

18. Upon information and belief, Nite Ize has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

19. Upon information and belief, Nite Ize intends to continue its infringing acts, unless restrained by this Court.

20. Nite Ize's acts have damaged and will continue to damage Schneider.

### Count 2 – Unfair Competition Under the Lanham Act

22. Schneider repeats and realleges the allegations set forth in paragraphs 1–21.

23. Nite Ize's use of a confusingly similar mark to promote, market or sell its products or services in direct competition with Schneider's mark constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a). Nite Ize's use of Schneider's mark is likely to cause confusion, mistake and deception among consumers. Nite Ize's unfair competition has caused and will continue to cause damage to Schneider, and is causing irreparable harm to Schneider.

### Count 3 – Common-Law Trademark Infringement

24. Schneider repeats and realleges the allegations set forth in paragraphs 1–23. Defendant's acts, as described above, constitute trademark infringement under the common law of the State of Texas.

### Count 4 – Common-Law Unfair Competition

25. Schneider repeats and realleges the allegations set forth in paragraphs 1–24. Defendant's acts, as described above, constitute unfair competition under the common law of the State of Texas.

### Count 5 – Common-Law Unjust Enrichment

26. Schneider repeats and realleges the allegations set forth in paragraphs 1–25. Defendant's acts, as described above, constitute unjust enrichment under the common law of the State of Texas.

**Count 6 – Common-Law Injury to Business Reputation and Trademark Dilution**

27. Schneider repeats and realleges the allegations set forth in paragraphs 1–26. Defendant's acts, as described above, constitute injury to business reputation and trademark dilution under the common law of the State of Texas.

**Count 7 – Request for Preliminary Injunction**

28. Schneider repeats and realleges the allegations set forth in paragraphs 1–27. Schneider seeks to enjoin Nite Ize and its agents and representatives from using the infringing BikeBug mark on its bicycle accessory products during this suit, because this activity infringes Schneider's trademarked bicycle accessory having the same name.

29. There is a substantial likelihood that Schneider will prevail on the merits. Nite Ize's unauthorized use of its BikeBug mark falsely indicates to consumers that Nite Ize's bike accessories originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Schneider or are otherwise associated with Schneider's bike accessories.  Nite Ize's unauthorized use of the BikeBug mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Nite Ize with Schneider.

30. If the court does not grant a preliminary injunction, Nite Ize will continue its activities that infringe Schneider's trademark by continuing to sell the infringing products both online and in retail stores.

31. Schneider will likely suffer irreparable injury if the court does not enjoin Nite Ize from selling products bearing the Schneider's mark because Nite Ize's mark will suffer from dilution and generic use.

32. Nite Ize will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction. Although instances of infringement can still be found online and in retail stores, Nite Ize appears to have undergone efforts to reduce instances of infringement through rebranding of Nite Ize's bicycle accessories.

33. Issuance of a preliminary injunction would not adversely affect the public interest.

34. Schneider asks the court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Nite Ize.

### Damages

35. As a direct and proximate result of Nite Ize's conduct, Schneider suffered the following damages:

    a. Actual damages.

    b. Enhanced damages for willful infringement.

36. Nite Ize knew that its unauthorized use of a mark confusingly similar to Schneider's would result in a benefit to Nite Ize.

37. Nite Ize's unauthorized use of the Mark has unjustly enriched Nite Ize at the expense of Schneider's reputation and goodwill.

### Attorney Fees

38. Schneider repeats and realleges the allegations set forth in paragraphs 1–34.

39. This is an exceptional case, and Schneider is entitled to an award of attorney fees under 15 U.S.C. §1117(a). Generally, this standard can be satisfied when there is a high degree of culpability or when the Defendant's infringement can be characterized as willful. *Pebble Beach Co. v. Your 18 I, Ltd.,* 155 F.3d 526, 555 (5th Cir. [Tex] 1998).

### Conditions Precedent

40. All conditions precedent have been performed or have occurred. Fed. R. Civ. P. 9(c).

### Prayer

41. For these reasons, Schneider asks for judgment against Nite Ize for the following:

a. Nite Ize, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

i. Using the designation BikeBug, or any other confusingly similar designation, in connection with the promotion, advertising, or offering of bicycle accessories;

ii. Competing unfairly with Schneider in any manner, including unlawfully adopting or infringing on Schneider's BikeBug mark or adopting or using any other marks or designations that are confusingly similar to Plaintiff's BikeBug mark; and

iii. Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1) and (2) above.

b. Nite Ize, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the designation BikeBug or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. §1118.

c. Nite Ize file with the court and serve on Schneider, within 30 days after the entry and service on Nite Ize of an injunction, a report in writing and under oath stating in detail the manner and form in which Nite Ize has complied with the provisions of subparagraphs (a) and (b) above.

d. Schneider recover all damages it has sustained as a result of Defendant's infringement and unfair competition.

e. An accounting be directed to determine Nite Ize's profits resulting from its infringement and unfair competition and that the profits be paid over to Schneider, increased as the court determines is appropriate to the circumstances of this case.

  f. The court declare this case an exceptional case and award Schneider its reasonable attorney fees for prosecuting this suit under 15 U.S.C. §1117(a).

  g. Schneider recover its costs of this suit and prejudgment and postjudgment interest.

  h. Schneider have all other relief the court deems appropriate.

Dated: April 4, 2014    Respectfully submitted,

           _____
           Zachary Hiller
           Texas Bar # 24074413
           1415 North Loop West
           Suite 1013
           Houston, TX 77008
           (832) 830-8016
           *Attorney-in-Charge for Michael Schneider*